# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ANTHONY MCCORD and DEBBIE SUTTON,<br>          *Plaintiffs,*<br>v.<br><br>THE UNITED STATES OF AMERICA<br>          *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 4:22-cv-00251<br>   Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Exclude Testimony of Plaintiff's Non-Retained Experts Regarding Causation and Future Medical Expenses (Dkt. #32). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

Also pending before the Court is Plaintiffs' Motion for Extension of Scheduling Order Deadlines, Continuance, and Leave to Supplement [Disclosures] and Expert Designations, or in the Alternative, Motion to Exclude the Testimony [of] Defendant's Experts (Dkt. #35). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiffs sue the United States of America under the Federal Tort Claims Act (FTCA) for personal injuries they allegedly sustained from a low speed two-car accident that occurred on June 24, 2020 involving a United States Postal Service (USPS) vehicle (Dkt. #32 at p. 2; Dkt. #33 at p. 1). Both Plaintiffs have undergone medical treatment from various medical providers.

On March 29, 2022, Defendant removed this case to federal court (Dkt. #1). On January 6, 2023, the Court granted the parties' request to stay the case pending resolution outside of litigation (Dkt. #22), but on April 3, 2023, the parties notified the Court that resolution was "impracticable at th[at] time" (Dkt. #26). Accordingly, on July 11, 2023, the Court entered an Amended Scheduling Order (Dkt. #27). In the Amended Scheduling Order, the Court set the deadline for "expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof" to October 20, 2023 (Dkt. #27 at p. 1).

On October 13, 2023, one week before the expert designation deadline, Plaintiffs filed their Designation of Expert Witnesses (Dkt. #28). In their Designation, Plaintiffs designated the following as non-retained experts: twelve specifically named medical providers[1] (the "Named Providers"); thirteen medical facilities or entities[2] (the "Entities"); and an unknown quantity of unnamed "Medical Providers and/or Custodians of Records" associated with the Entities.

On January 29, 2024, Plaintiff McCord began treatment at Greater Texas Orthopedic Associates, under the care of Dr. Yan Michael Li, M.D. (Dkt. #35 at p. 5). On May 6, 2024, Dr. Li recommended that McCord undergo surgery on his neck and back (Dkt. #35 at p. 6). That surgery is scheduled for June 18, 2024 (Dkt. #35 at p. 6).

---

[1] They are: Chad Porter, MD; Matthew Dang, MD; Rodney Burns, MD; Sumit Katyal, MD; Craig C. Callewart, MD; Leslie Jones, PT, DPT; Jason Maness, PT, DPT, CLT; Louis Degironemo, MD; Bruce S. Markman, MD; Bharat N. Vahder, MD; Darrel Pierce, MD; and Nima Pakzad, MD (Dkt. #28 at pp. 3–8).

[2] They are: MRI Centers of Texas; Pain & Injury Solutions; Craig C. Callewart, M.D., P.A.; East Texas Physical Therapy; Texas Regional Clinic; Hopkins County EMS; North Texas Orthopedic & Spine; Bruce Markman, M.D. (Lone Star Surgical Affiliates); Legent Outpatient Surgery – Frisco; Bharat Vadher, M.D.; Pierce, Darrel, M.D.; Christus Mother Frances Hospital – Sulphur Springs; and Christus Trinity Clinic Sulphur Springs Pain Medicine (Dkt. #28 at pp. 3–9).

On April 29, 2024, Defendant filed its Motion to Exclude Testimony of Plaintiff's Non-Retained Experts Regarding Causation and Future Medical Expenses (Dkt. #32). On May 13, 2024, Plaintiffs responded (Dkt. #33). On May 18, 2024, Defendant replied (Dkt. #38).

On May 16, 2024, Plaintiffs filed their Motion for Extension of Scheduling Order Deadlines, Continuance, and Leave to Supplement [Disclosures] and Expert Designations, or in the Alternative, Motion to Exclude the Testimony [of] Defendant's Experts (Dkt. #35). On May 28, 2024, Defendant responded (Dkt. #40). On June 3, 2024, Plaintiffs replied (Dkt. #43). On June 6, 2024, Defendant filed its sur-reply (Dkt. #45).

**LEGAL STANDARD**

## I. Expert Disclosures

"Parties must make timely expert-witness disclosures within the deadlines set by the Court's Scheduling Order." *Meier v. UHS of Del., Inc.*, No. 4:18-cv-00615, 2020 WL 923952, at *2 (E.D. Tex. Feb. 26, 2020). If the party's expert witness is one "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involving giving expert testimony," the party's expert disclosure "must be accompanied by a written report." FED. R. CIV. P. 26(a)(2)(B).

> This report must include: (1) a statement of all opinions the witness will express and the reasons for them; (2) the facts considered in forming the opinions, (3) exhibits that support them; (4) the witness's qualifications and list of publications the witness authored in the last ten years; (5) a list of all other cases in which the

witness was an expert for the last four years; and (6) and a statement of compensation.

*Avneri v. Hartford Fire Ins. Co.*, No. 4:16-CV-00917, 2017 WL 4517955, at *2 (E.D. Tex. Oct. 10, 2017) (citing FED. R. CIV. P. 26(a)(2)(B)).

For non-retained expert witnesses, the requirements are more lenient. The Federal Rules "require[] a statement of the subject matter and a summary of the expected facts and opinions of which the expert will testify." *Id.* (citing FED. R. CIV. P. 26(a)(C)(i)–(ii)). "While this summary is considerably less extensive than the report required by Rule 26(a)(2)(B), and courts must take care against requiring undue detail, this less extensive disclosure standard does not obviate the need to provide the disclosures expressly required by this rule." *Fracalossi v. MoneyGram Pension Plan*, No. 3:17-CV-00336-X, 2021 WL 5505604, at *13 (N.D. Tex. Nov. 24, 2021) (cleaned up) (internal quotations omitted). "When a party fails to provide a meaningful 'summary of the facts and opinions' forming the basis of a testimony, the disclosure is insufficient." *Avneri*, 2017 WL 4517955, at *8 (quoting *Motio, Inc. v. BSP Software LLC*, No. 4:12-CV-647, 2016 WL 74425, at *2 (E.D. Tex. Jan. 6, 2016)).

If the Court finds an expert disclosure is insufficient, "the Court must determine the appropriate remedy." *Id.* at *3. "In determining whether to exclude an untimely designated witness, courts balance four factors: (1) the explanation for failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing testimony; and (4) the availability

of a continuance to cure such prejudice." *Id.* (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

## II. Amendment of Scheduling Order

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Trial courts 'have both the power and the duty to take measures to control their dockets and ensure that counsel properly prepare cases scheduled for trial so that they can be tried and decided rather than continued and rescheduled.'" *United States v. Hughey*, 147 F.3d 423, 430–31 (5th Cir. 1998) (quoting *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a

5

continuance to cure such prejudice." *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman*, 893 F.2d at 791)).

## ANALYSIS

### I. Defendant's Motion

The Court will address Defendant's request to exclude in two steps. First, the Court will address the request as to the Entities and the unknown quantity of unnamed "Medical Providers and/or Custodians of Records" associated with the Entities. Second, the Court will address the request as to the Named Providers.

#### A. Entities and Unnamed Providers and Custodians of Records

Plaintiffs' disclosures identify as expert witnesses both (1) the Entities, the medical facilities at which Plaintiffs received medical treatment, and (2) unnamed "Medical Providers and/or Custodians of Records" associated with the Entities (*see, e.g.*, Dkt. #28 at p. 3). To date, Plaintiffs have not requested to supplement their disclosures with more specific names of medical providers or custodians of records at the Entities.[3]

The Court finds Defendant's motion to exclude the Entities and unnamed/unknown "Medical Providers and/or Custodians of Records" as expert witnesses should be granted. Naming such a volume of Entities and a potentially even greater volume of unknown medical providers "hardly identifies an expert and fails to afford Defendant an adequate opportunity to prepare an effective cross-examination." *Vargas v. United States*, No. 5-21-CV-01277-FB-RBF, 2024 WL 1235593, at *5 (W.D. Tex. Feb. 12, 2024). Accordingly, the Court finds that initial expert designation as to the Entities and unnamed providers / custodians of record is insufficient.

---

[3] Plaintiffs have moved for leave to supplement their expert designations (*see* Dkt. #35), but that request does not relate to any of the Entities in the initial expert designation.

To determine if the Court should exclude the designated witnesses, the Court considers: "(1) the explanation for failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing testimony; and (4) the availability of a continuance to cure such prejudice." *Avneri*, 2017 WL 4517955, at *3 (citing *Geiserman*, 893 F.2d at 791). In their response, Plaintiffs do not explain why they could not identify the additional medical providers or custodians of record, even though Plaintiffs expect those unnamed individuals may testify, for example, "regarding the reasonableness and necessity of [] medical charges" (*see, e.g.*, Dkt. #28 at p. 3). The Court also believes the testimony of unnamed witnesses is not important in this case, considering Plaintiffs have named at least one person, the Named Providers, associated with each of the Entities who could give testimony. Allowing unnamed individuals to testify would unfairly prejudice Defendant, and a continuance would not cure the prejudice.

The Court therefore grants Defendant's motion to exclude the Entities and unnamed/unknown "Medical Providers and/or Custodians of Records" as expert witnesses. If an individual is not named in Plaintiffs' Designation of Expert Witnesses, that individual may not testify as an expert witness, with the exception that the Custodians of Records may testify as to the authenticity of records.

**B.     Named Providers**

Plaintiffs' disclosures name twelve Named Providers who treated Plaintiffs' injuries. Defendant seeks to exclude the Named Providers for two reasons: (1) their opinions as to causation and future medical expenses are "litigation-driven opinions" that require expert reports (Dkt. #32 at p. 7), and (2) even if an expert report is not required, Plaintiffs' designations "fail to meaningfully summarize the facts and opinions to which each expert will testify" (Dkt. #32 at p. 9).

Plaintiffs respond that (1) "Plaintiffs['] designated experts are all treating physicians whose opinions are set forth in medical records that were kept in the course of treating Plaintiffs" (Dkt. #33 at pp. 8–9), and (2) "Plaintiffs['] expert disclosures meet the minimum requirements of Fed. R. Civ. P. 26(a)(2)(C)" (Dkt. #33 at p. 9).

At this time, the Court will not exclude the expert opinions of Plaintiffs' treating physicians based on the failure to provide expert reports under Rule 26(a)(2)(B). "A number of courts agree that a treating physician may testify as a non-retained expert witness-and therefore need not provide an expert report-if the testimony is confined to 'facts disclosed during care and treatment of the patient.'" *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (quoting *Brown v. Best Foods, A Division of CPC Int'l, Inc.*, 169 F.R.D. 385, 389 (N.D. Ala. 1996)). "[A] treating physician may opine on the causation of a plaintiff's injuries and a plaintiff's prognosis as long as the doctor formed those opinions 'based on the care-provider's personal knowledge and observations obtained during the course of care and treatment.'" *Id.* (quoting *Garcia v. City of Springfield Police Dep't*, 230 F.R.D. 247, 249 (D. Mass. 2005)). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.* (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870–72 (6th Cir. 2007)).

"[G]iven [their] personal treatment of one of the individual plaintiffs," the Named Providers qualify as non-retained experts. *Meier*, 2020 WL 923952, at *9. As such they "may opine as to the causation of a plaintiff's injuries and a plaintiff's prognosis as long as the [Named Providers] formed those opinions based on the care-provider's personal knowledge and

8

observations obtained during the course of care and treatment." *Chavez v. Home Depot USA, Inc.*, No. CV H-22-1700, 2023 WL 6119881, at *3 (S.D. Tex. Sept. 18, 2023) (quoting *Kim*, 267 F.R.D. at 502)). If the Named Providers go "beyond what [they] personally saw and did and why as a treating physician . . . and opine[] about causation, prognosis or disability not part of [their] treatment," that testimony would be impermissible. *Meier*, 2020 WL 923952, at *9 (quoting *Tolan v. Cotton*, No. H–09–1324, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015)). But Defendant may object to that type of impermissible testimony as it arises.

While the Court recognizes the Named Providers do not require expert reports, the Court finds Plaintiffs' expert disclosures as to the Named Providers are insufficient. "These are Plaintiff[s'] experts; Plaintiff[s] should be able to provide reasonably specific information for each expert, with specific citations to documents produced in discovery." *Vargas*, 2024 WL 1235593, at *6. Plaintiffs demonstrate their ability to do this by summarizing the testimony of at least one expert, with specific citations to documents, in their response to Defendant's Motion (*see* Dkt. #33 at pp. 15–16).

But the Court, recognizing the importance of the testimony of the Named Providers, will not exclude the testimony of the Named Providers at this time. Plaintiffs are expected to bring their expert disclosures into compliance with Rule 26 and refine their expert designations with a more meaningful summary of the facts and opinions forming the basis of their testimony within seven days of this Order. "[T]hese supplemental disclosures are intended to *sharpen the focus* and *narrow* the [] disclosures already provided." *Vargas*, 2024 WL 1235593, at *7. Plaintiffs claim all the Named Providers' expert "opinions are set forth in medical records that were kept in the course of treating Plaintiffs" (Dkt. #33 at p. 9). Plaintiffs will be held to that statement.

9

> Plaintiff[s] will be held to [their] statement that for every non-retained expert, the expert's opinion already "may be found in their medical records." . . . It is Plaintiff[s'] task to identify those "main opinion," summarize each non-retained expert's "view or judgment" on each matter that may affect the case's outcome and include *specific* citations to the pertinent supporting records.

*Vargas*, 2024 WL 1235593, at *7 (quoting *Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016).

## II.     Plaintiffs' Motion

### A.     Alternative Relief

First, the Court considers Defendant's contention that Plaintiffs have violated the Court's rules by styling their request to strike Defendant's experts as a request for alternative relief (*see* Dkt. #40 at p. 8 (citing LOCAL RULE CV-26(a)). Plaintiff responds that "a continuance and exclusion of the evidence at issue are alternative forms of relief that the Court may grant based upon the same failure to timely serve expert disclosures" (Dkt. #43 at p. 2).

After review, the Court considers Plaintiffs' request to exclude Defendant's experts as alternative to *all* Plaintiffs' requests to (1) continue the case, (2) extend the scheduling order deadlines, and (3) supplement their expert disclosures/designations. And because the Court grants in parts Plaintiffs' requests, *see infra*, the Court will not reach the issue of excluding Defendant's experts.

### B.     Amendment of Scheduling Order

The Court considers Plaintiffs' requested relief of (1) continuing the case, (2) extending the scheduling order deadlines, and (3) supplementing their expert disclosures as a request to amend the Court's scheduling order. After review, the Court grants in part and denies in part this

request. The Court will extend the deadlines for expert designations and discovery associated with those expert designations, but the Court will not extend any other deadlines or continue trial.

*Deadlines for expert designations and discovery:* Plaintiffs request the Court extend the expert designation and discovery deadlines in order to designate Dr. Li as an expert witness (*see* Dkt. #35 at p. 8). Defendant claims this request is untimely since Plaintiff McCord "knew in January that he may need surgery on his neck . . . [and] could have sought leave, during the discovery period, to designate Dr. Li"[4] (Dkt. #40 at p. 10).

The Court will allow Plaintiffs to supplement their expert designations to add Dr. Li as an expert. The Court considers the *Geiserman* factors to allow this supplementation: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." 893 F.2d at 791. Plaintiffs did not identify Dr. Li as a witness because they did not receive any records from Dr. Li until April 11, 2024, and those records covered Dr. Li's treatment of McCord from January 29, 2024 through March 25, 2024 (Dkt. #35 at p. 5). Attempting to designate him as an expert prior to receiving those medical records would have been premature. And while Defendant may suffer some prejudice, the Court believes (1) the importance of that testimony outweighs the prejudice, and (2) Defendant may cure the prejudice by engaging in discovery regarding Dr. Li's records and opinions. The Court believes allowing the parties to engage in this discovery will cure the prejudice without unduly delaying the trial.

Accordingly, the Court grants Plaintiffs' request to supplement their expert designations to add Dr. Li. If Plaintiffs wish to designate Dr. Li as an expert, they must do so by July 3, 2024,

---

[4] Defendant's response also references a Dr. Thompson (Dkt. #40 at p. 10). However, because Plaintiffs only mention Dr. Li in their Motion, the Court only considers Plaintiffs' request to add Dr. Li.

11

and the designation must comply with Rule 26(a)(2). If designated, the parties may conduct discovery related to Dr. Li's designation through August 2, 2025.

*All other deadlines and dates:* The Court will not extend any other deadlines or continue the trial date. This case has been pending for over two years, with a pretrial conference scheduled on June 27, 2024, and the Court is not persuaded by Plaintiffs' late request that good cause exists to continue the trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Exclude Testimony of Plaintiff's Non-Retained Experts Regarding Causation and Future Medical Expenses (Dkt. #32) is hereby **GRANTED in part and DENIED in part.** The Court excludes any expert testimony from the Entities or unnamed individual, with the exception that the Custodians of Records may testify as to the authenticity of records. The Court does not exclude the expert testimony of the Named Providers at this time, but Plaintiffs are expected to refine their expert designations with a more meaningful summary of the facts and opinions forming the basis of their testimony within seven days of this Order.

It is also **ORDERED** that Plaintiffs' Motion for Extension of Scheduling Order Deadlines, Continuance, and Leave to Supplement [Disclosures] and Expert Designations, or in the Alternative, Motion to Exclude the Testimony [of] Defendant's Experts (Dkt. #35) is hereby **GRANTED in part and DENIED in part.** The Court extends Plaintiffs' deadline to designate Dr. Li as an expert to July 3, 2024. If designated, the parties may conduct discovery related to Dr. Li's designation through August 2, 2025. The Court will not extend any other deadlines or continue the trial date.

**IT IS SO ORDERED.**

**SIGNED this 10th day of June, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE